**FURMAN KORNFELD & BRENNAN LLP**

61 Broadway, 26th Floor, New York, NY 10006
Tel: 212-867-4100 Fax: 212-867-4118
www.fkblaw.com

December 10, 2015

**VIA ELECTRONIC FILING & E-MAIL** –
chambersnysdseibel@nysd.uscourts.gov
The Honorable Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601-4150

      Re:      United States District Court, Southern District of New York
                     Gerald R. Martin v. Susan M. Capeci, et al.
                     Civil Action No.: 15-cv-8625
                     FKB File No.: 313.116

Dear Judge Seibel:

      This office represents the defendant, David Rosoff (Attorney Rosoff") in connection with the above-captioned matter.

      Pursuant to Your Honor's Individual Rules of Practice, we respectfully submit this letter in support of Attorney Rosoff's request for leave to file a pre-answer motion to dismiss all causes of action asserted against him in Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff's Complaint must be dismissed in its entirety as against Attorney Rosoff because: (1) each and every one of Plaintiff's claims against Attorney Rosoff – the guardian *ad litem* for the Children – are barred by quasi-judicial immunity; (2) notwithstanding the complete bar of quasi-judicial immunity, Plaintiff's claims alleging constitutional violations are deficient because Attorney Rosoff was never a "state actor", and many of the claims do not allege violations of constitutionally protected rights; and (3) Plaintiff's remaining civil claims do not allege valid causes of action for which there is any existing legal remedy and are otherwise deficiently pled.

**I.**      **Factual Background**

      This case involves a very straight-forward set of facts. Plaintiff and his ex-wife (Defendant, Susan M. Martin) were engaged in a custody dispute regarding their daughters (the "Children"). Attorney Rosoff was appointed guardian *ad litem* for the Children on or about October 2, 2014. *See* Complaint, at ¶ 44; *see also* Exhibit "A" annexed hereto. During the course of his representation of the Children, and based upon a report of a forensics evaluator concerning the best interests of the Children, Attorney Rosoff filed an application for Plaintiff's supervised visitation of his Children and a temporary suspension of his visitation until such supervision could be implemented. *See* Complaint, at ¶¶ 44, 46. In retaliation, Plaintiff has commenced this action against Attorney Rosoff (and against the judge and the other parties involved in the custody dispute), alleging numerous frivolous causes of action.

The Honorable Cathy Seibel, U.S.D.J.
Gerald R. Martin v. Susan M. Capeci, et al.
Civil Action No.: 15-cv-8625
Page 2 of 3

## II. Attorney Rosoff Is Entitled to Quasi-Judicial Immunity for his Conduct as a Guardian *ad litem*

In New York, guardians *ad litem* who exercise discretion and make value judgments in the best interests of their ward must be protected from needless collateral litigation which would undermine their good faith efforts. As such, a guardian for a child in a custody proceeding "has quasi-judicial immunity from civil liability for conduct directly relating to the performance of the law guardian's duty to further the best interests of the children."[1]

Attorney Rosoff was appointed guardian *ad litem* for the Children on or about October 2, 2014.  *See* Complaint, at ¶ 44; *see also* Exhibit "A".  Each and every allegation made against Attorney Rosoff pertains to Attorney Rosoff's actions taken in his capacity as guardian *ad litem* for the Children.  *See e.g.*, Complaint, at ¶¶ 44, 46, 47. Accordingly, all of Plaintiff's claims against Attorney Rosoff are barred by quasi-judicial immunity.

## III. Plaintiff's Constitutional Claims are Deficiently Pled

The majority of Plaintiff's allegations – which are directed generally at the "Defendants" and do not specifically name Attorney Rosoff – allege various constitutional violations.  *See* Complaint, at ¶¶ 64-111.  Notwithstanding the application of quasi-judicial immunity discussed above, Plaintiff's constitutional claims are subject to dismissal because Attorney Rosoff was never an actor under color of state law as defined by statute and such claims are otherwise deficiently pled.

### A. Attorney Rosoff is Not a State Actor

In the interest of brevity, Attorney Rosoff respectfully refers the Court to the correspondence of Defendant Rocco Salerno, Esq., dated December 4, 2015 regarding the legal standard for asserting a 42 U.S.C. § 1983 claim.  Moreover, it is well-settled that guardians *ad litem*, although appointed by the court, exercise independent professional judgment in the interests of the clients they represent and are, therefore, <u>not</u> state actors for purposes of 42 U.S.C. § 1983.[2] Accordingly, each and every cause of action alleging a constitutional violation under 42 U.S.C. § 1983 must be dismissed as against Attorney Rosoff.

### B. The Complaint Fails to Plead a "Conspiracy" to Deprive Plaintiff of his Rights

A constitutional conspiracy claim against a private individual requires more than pleading simply, and in a conclusory fashion, that the defendant "conspired" with state actors.[3] Plaintiff's Complaint – which only generally pleads that the defendants "conspired" or "worked in league with one another" (*see generally* Complaint; *see also* Complaint, at ¶ 62) – is devoid of any factual

---

[1] *Wilson v. Wilson-Polson*, 2010 U.S. Dist. LEXIS 100425, 2010 WL 3733935 (S.D.N.Y. Sept. 22, 2010).

[2] *Lewittes v. Lobis*, 2004 U.S. Dist. LEXIS 16320, 2004 WL 1854082 (S.D.N.Y. Aug. 19, 2004).

[3] *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 2002 U.S. App. LEXIS 10722 (2d Cir. 2002) (The plaintiff must allege: "(1) the agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages….Complaints alleging nothing more than vague and general allegations of conspiracy are properly dismissed.)

The Honorable Cathy Seibel, U.S.D.J.
Gerald R. Martin v. Susan M. Capeci, et al.
Civil Action No.: 15-cv-8625
Page 3 of 3

allegations sufficient to set forth a plausible conspiracy between Attorney Rosoff and any of the other defendants. Therefore, Plaintiff's constitutional conspiracy claims are deficient and subject to dismissal as a matter of law.

### III.    Plaintiff's Remaining Claims are Invalid and/or Deficiently Pled

To the extent Plaintiff asserts any private civil causes of action against Attorney Rosoff, each and every claim is subject to dismissal under F.R.C.P. 12(b)(6) because it does not assert any actual cause of action for which there exists a legal remedy. Specifically, Plaintiff's claims for "parental privacy" and "distinct right of fatherhood" – which arise out of the same factual allegations as Plaintiff's other claims – are not valid causes of action and, therefore fail as a matter of law. Moreover, Plaintiff's claims for emotional distress,[4] tortious interference with a contract,[5] and defamation of character[6] are inadequately pled because they do not specifically allege any actions taken by Attorney Rosoff to satisfy the elements of those claims. *See* Complaint, at ¶¶ 109-112.

We thank the Court for its courtesies and attention to this matter. If you require any further information, please do not hesitate to contact the undersigned.

Respectfully submitted,

FURMAN KORNFELD & BRENNAN LLP

*/s/ Stefanie A. Singer*

A.  Michael Furman (AMF1761)
Stefanie A. Singer (SS8349)

Enclosure: Exhibit "A" (October 2, 2014 Order)

cc: All Counsel of Record (VIA ECF)

---

[4] Courts have limited intentional infliction of emotional distress claims to include only conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 528 F. Supp. 2d 303, 312, 2007 U.S. Dist. LEXIS 88516 (S.D.N.Y. 2007). Here, Plaintiff's claim fails because Attorney Rosoff's alleged conduct (filing a motion for supervised visitation/temporary suspension of Plaintiff's visitation rights) is not sufficiently extreme or outrageous as a matter of law.

[5] Under New York law, the elements of tortious interference with contract are (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) actual breach of the contract; and (5) damages resulting therefrom. *See Rockland Exposition, Inc. v. Alliance of Auto. Serv. Providers*, 894 F. Supp. 2d 288, 336 (S.D.N.Y. 2012). Plaintiff does not plead any of these elements as against Attorney Rosoff.

[6] A statement made in the course of a judicial proceeding "is absolutely privileged if, by any view or under any circumstances, it may be considered pertinent to the litigation." *Sklover v. Sack*, 102 A.D.3d 855, 958 N.Y.S.2d 474, 476 (App. Div. 2013) *quoting Martirano v. Frost*, 25 N.Y.2d 505, 507, 255 N.E.2d 693, 307 N.Y.S.2d 425 (1969); *see also Kelly v. Albarino*, 485 F.3d 664, 664 (2d Cir. 2007) (affirming district court's discussion of the absolute privilege that applies to statements made by participants in judicial proceedings). Here, it is undeniable that Attorney Rosoff's allegedly "defamatory" statements were made entirely within the underlying custody dispute and, therefore, are absolutely privileged.